UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GS HOLISTIC LLC,

    Plaintiff,

v.

WESTLAND HOOKAH & TOBACCO,
INC., D/B/A WESTLAND HOOKAH
TOBACCO, et al.,

    Defendants.
_____/

Case No. 24-cv-12630
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME TO FILE ANSWER AND INSTRUCTING CORPORATE DEFENDANT TO OBTAIN COUNSEL

This matter is before the Court on the parties' joint motion for extension of time to file answer to complaint. (ECF No. 10.) For the reasons stated below, the motion is **GRANTED**. However, the Court further notes that the Defendant Westland Hookah & Tobacco, Inc. d/b/a/ Westland Hookah Tobacco ("Westland") was not represented in the instant motion.

Westland appears to be a domestic profit corporation organized and existing under the laws of the State of Michigan. To appear in this proceeding, Westland must obtain counsel. Algamaai may appear *pro se*, should he choose to forego

representation, but to appear in this action Westland must be represented by counsel.[1]

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993) (citations omitted); *see also Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). "Thus . . . lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202. Therefore, Algamaai, who does not appear to be an attorney, cannot respond to the Complaint pro se on behalf of Westland. Any response to the Complaint filed on behalf of Westland without counsel will be stricken.

When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant. *Greater Southeast Cmty. Hosp. Found., Inc. v. Potter,* 586 F.3d 1, 5 (D.C. Cir. 2009) (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736

---

[1] The Court advises Algamaai that the District's website contains information useful to pro se parties: http://www.mied.uscourts.gov/index.cfm?pageFunction=proSe#courthelp. Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.

2

F.2d 1004, 1005 (5th Cir. 1984) and *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cnty.*, 543 F.2d 32, 33 (7th Cir. 1976)).  Consequently, if Westland fails to obtain counsel, the Court may strike its defenses.

The Court further finds that the joint motion for extension of time to answer complaint is warranted as it is not made in bad faith and will not cause undue delay. For that reason, the Court **GRANTS** the motion for extension of time to file answer.  (ECF No. 10.)  The Court further **ORDERS** that Defendants' time to answer the Plaintiff's complaint is extended to **March 26, 2025**.

**SO ORDERED**.

Date: March 7, 2025                               s/LINDA V. PARKER
                                                  UNITED STATES DISTRICT JUDGE